## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CANISTER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-542-TLS |
| | ) | |
| WILLIAM HAMBRICK, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Canister Moore, a Plaintiff proceeding pro se, filed a Civil Complaint [ECF No. 1] against the Defendant, William Hambrick. He also filed a Motion to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Complaint is dismissed without prejudice.

## DISCUSSION

"Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject–matter jurisdiction, the court must dismiss the action."). Unlike state courts, federal courts are courts of limited jurisdiction. *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008); *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) ("A federal court is the wrong forum when there is no case or controversy, or when Congress has not authorized it to resolve a particular kind of dispute."). Congress has given federal courts power to hear (1) cases arising under the Constitution or federal law, 28 U.S.C. § 1331, or (2) cases involving state law claims where there is complete diversity of citizenship between the parties and more than $75,000 in controversy, 28 U.S.C. § 1332.

Here, no source of federal jurisdiction is apparent from the Complaint. The Plaintiff does not make any claim that rests on federal law, so 28 U.S.C. § 1331 does not supply the jurisdiction. Although the suit is between citizens of different states, as required by § 1332(a), the amount in controversy required by the statute is not satisfied. According to the Complaint, the Plaintiff wants the Defendant to "pay for the repairs done on his truck and payment for money lost and for fuel and for money made that was not divided between us two properly." (Compl. 3.) In the three-page narrative attached to his Complaint, these amounts are set forth more particularly. The amounts do not approach the $75,000 threshold required for federal subject matter jurisdiction: the truck repairs were $724; the lost income was $8,000; and the amount that was not properly split with the Plaintiff was about $17,000.

Because the Plaintiff's Complaint does not invoke any basis for federal subject matter jurisdiction, this Court has no authority to hear it. The Plaintiff's recourse, if any, is in state court.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the Complaint WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3). The Motion to Proceed in Forma Pauperis [ECF No. 2] is RENDERED MOOT.

SO ORDERED on January 11, 2017.

        s/ Theresa L. Springmann  
        THERESA L. SPRINGMANN  
        UNITED STATES DISTRICT COURT  
        FORT WAYNE DIVISION